# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **DAVID LAVENE GAYDEN** | **CIVIL ACTION NO. 06-1837** |
| **VS.** | **SECTION P** |
| **ALLEN CUPP, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on October 12, 2006, by *pro se* petitioner David Levene Gayden. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Richland Parish Detention Center, Rayville, Louisiana where he is serving the seven year hard labor sentence imposed following his 2004 conviction for carnal knowledge of a juvenile in the Fifth Judicial District Court, Richland Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because petitioner has failed to exhaust available state court remedies.

### *Statement of the Case*

Petitioner was charged with forcible rape. On December 1, 2004, he entered into a plea agreement and pled guilty to one count of carnal knowledge of a juvenile. [doc. 1-3, pp. 13-20]

1

On March 16, 2005, he was sentenced to serve seven years. [*id*., pp. 21-31]

Petitioner appealed his sentence to the Second Circuit Court of Appeals, and on January 25, 2006, the sentence was affirmed. *State of Louisiana v. David Lavene Gayden, Jr.*, 40,388 (La. App. 2 Cir. 1/25/2006), 920 So.2d 386. Petitioner did not seek further direct review by filing an application for writ of *certiorari* in the Louisiana Supreme Court. [doc. 1-1, p.2, paragraph 9(e)]

On August 21, 2006, petitioner filed a *pro se* Application for Post-Conviction Relief raising two claims for relief: (1) "Upon my plea of guilty, I really didn't understand the seriousness of the offense or the consequences surrounding the offense. I only did as I was advised by my court appointed lawyer." and, (2) "I am now attacking the sentence because of the fact that this is my first offense and because of the fact that my attorney failed to inform me as to the seriousness and/or consequences of the offense." [doc. 1-3, pp. 1-4] The application was denied without an evidentiary hearing on September 18, 2006. [doc. 1-1, paragraph 11(a)(5)] Petitioner apparently did not seek further review in the Second Circuit Court of Appeals or the Louisiana Supreme Court. [*id*., paragraph 11(b)]

Petitioner signed his federal *habeas corpus* petition on September 29, 2006. [doc. 1-1, p. 6] It was mailed from Mangham, Louisiana on October 11, 2006, and received and filed herein on October 12, 2006. [doc. 1-1, p. 10]

### *Law and Analysis*

28 U.S.C. § 2254 states, as relevant to this proceeding:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

>   (A) <u>the applicant has exhausted the remedies available in the courts of the State</u>; or
>   (B)(i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>   \*   \*   \*
>
>   (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
>   28 U.S.C. § 2254.

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional

3

claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).

In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner has not presented <u>any</u> of his federal *habeas* claims; indeed, he has presented no claims, to the Supreme Court of Louisiana. Therefore, it is clear that the Louisiana courts have not yet had an opportunity to review and determine the merits of petitioner's *habeas corpus* claims. (A review of the presumptively reliable published jurisprudence of the State of Louisiana confirms that petitioner has not yet litigated any claims in the Louisiana Supreme Court.[1])

Absent a showing that state remedies are either unavailable or inadequate (such showing not having been demonstrated by plaintiff), he cannot now proceed in this court in *habeas corpus*. See 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted.

Petitioner is hereby advised that the federal *habeas corpus* statutes impose a one-year statute of limitations for filing *habeas corpus* petitions in federal court, see 28 U.S.C. § 2244(d),

---

[1] See <u>Westlaw</u>,
https://web2.westlaw.com/Welcome/Louisiana/default.wl?%5F%5Fscrollpositionx=0&%5F%5Fscrollpositiony=0&bhcp=1&errhost=EG%2DWLWEB%2DB372&fn=%5Ftop&mt=Louisiana&quicksearch%24queryeditor%24connectorsexpandersbox%24mhiddenfield=Collapse%2CCollapse&quicksearch%24queryeditor%24date%24lastdropdown=DAYS&quicksearch%24queryeditor%24date%24restrictions=Unrestricted&quicksearch%24queryeditor%24fielddropdown%24ctl00=none&quicksearch%24queryeditor%24query=ti%28david+%2B+gayden%29&quicksearch%24queryeditor%24submit%2Ex=59&quicksearch%24queryeditor%24submit%2Ey=9&quicksearch%24quicksearchcheckbox0=on&rs=WLW2%2E05&ssl=y&strrecreate=no&sv=Split&utid=%7B09846306%2D2B8B%2D4E3F%2DB643%2D7E7D53236226%7D&vr=2%2E0

and that this provision is applicable to any subsequent petition that petitioner files in this court. Petitioner is further advised that the filing of a federal *habeas corpus* petition, such as the one filed in this case, does not toll the statute of limitations for federal *habeas* relief. *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

Moreover, since the present petition raises only unexhausted claims, the court need not address the stay and abeyance of mixed *habeas* petitions recently addressed by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (holding that district courts have the discretion to stay rather than dismiss, a <u>mixed</u> *habeas* petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

Therefore

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's *habeas corpus* claims remain unexhausted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

5

**days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

      **THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 14th day of November, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE